# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SHAWN ERRICK BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No. 5:18-CV-847-LCB |
| | ) |
| **ALABAMA DEPARTMENT OF TRANSPORTATION,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

*Pro se* plaintiff, Shawn Errick Brown, alleges claims against the Alabama Department of Transportation, his former employer, for race and color discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). He claims that defendant discriminatorily failed to hire and/or promote him in August-December 1987, March and August 1989, and February 2004. He retired from his position in August 2016 and filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 3, 2016 and February 16, 2016. The EEOC issued a Notice of Right to Sue on April 24, 2018, and plaintiff filed his complaint in this court on June 1, 2018.[1]

The case currently is before the court on defendant's motion to dismiss

---

[1] *See* doc. no. 1 (Complaint).

pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Judge L. Scott Coogler, to whom the case was then assigned, entered an order on July 30, 2018, requiring plaintiff to show cause within twenty-one days why the motion should not be granted.[3] Plaintiff failed to respond to that order in a timely fashion or at all. Plaintiff did, however, file a motion to appoint counsel[4] on October 29, 2018; the motion to appoint counsel did not address Judge Coogler's order to show cause.

When deciding a motion to dismiss, the court must construe the allegations of the complaint

> in the light most favorable to [plaintiff], accepting all well-pleaded facts that are alleged therein to be true. *See Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006). "To survive . . . a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

*Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013).

Defendant asserts that plaintiff's claims should be dismissed because plaintiff failed to timely exhaust his administrative remedies, which is a statutory prerequisite

---

[2] Doc. no. 10.
[3] Doc. no. 13.
[4] Doc. no. 15.

to filing suit under Title VII. *H&R Block E. Enterprises, Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010) (citing *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001)) ("Before suing under Title VII, a plaintiff must first exhaust her administrative remedies."). The first required administrative step is to file an EEOC charge within 180 days of the last-occurring discriminatory act. *H&R Block E. Enterprises, Inc.*, 606 F.3d at 1295. The last discriminatory act alleged by plaintiff occurred in either August of 1989 or February of 2004, depending on how his complaint is construed. Either way, plaintiff's February 2016 EEOC charges were filed *years* after the relevant 180-day period expired, and plaintiff has offered no explanation for the delay.[5] Accordingly, plaintiff failed to timely exhaust his administrative remedies before filing suit, and his claims are due to be dismissed. Because it is clear that plaintiff's claims are due to be dismissed, the Court will also deny the motion to appoint counsel as moot. A separate order will be entered.

---

[5] In its motion to dismiss, defendant anticipated that plaintiff might attempt to argue that the deadline for filing his EEOC charge was tolled by the pendency of a class action suit for failure to hire against the Alabama Department of Transportation in the United States District Court for the Middle District of Alabama. *See Reynolds v. Roberts*, 202 F.3d 1303, 1306 (11th Cir. 2000). Plaintiff did not actually make that (or any other) argument, so the court need not address it here.

**DONE** and **ORDERED** this 8th day of November 2018.

_____
LILES C. BURKE
U.S. DISTRICT JUDGE